# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY COGAN,

    Defendant.

Case No. 2:13-cv-1263-LDG (VCF)

**ORDER**

    The plaintiff, United States of America, moves for summary judgment (#7) on its two counts alleging that the defendant, Jeffrey Cogan, has defaulted on student loans.  The Court notified Cogan (#9), who has appeared *pro se*, that a motion for summary judgment had been filed, of the requirements of Rule 56 in opposing such a motion, and that a failure to oppose the motion could result in the granting of the motion, if the motion had merit. Cogan has not opposed the motion, thereby indicating his consent to the granting of the motion, should the Court determine that it has merit.  *See,* Local Rule 7-2(d).

Motion for Summary Judgment

    In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact

because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325. Conversely, when the burden of proof at trial rests

1    on the party moving for summary judgment, then in moving for summary judgment the
2    party must establish each element of its case.

3         Once the moving party meets its initial burden on summary judgment, the non-
4    moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro.
5    56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir.
6    2000).  As summary judgment allows a court "to isolate and dispose of factually
7    unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the
8    evidence before it "in the light most favorable to the opposing party."  *Adickes v. S. H.*
9    *Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however,
10   will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co.*
11   *v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot
12   "'rest upon the mere allegations or denials of [its] pleading' but must instead produce
13   evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'"
14   *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed.
15   R. Civ. Pro. 56(e)).

16   <u>Statement of Undisputed Facts</u>

17       A.   The Perkins Loans

18           1.   On or about October 6, 1988, December 11, 1988, March 28, 1989,
19              September 20, 1989, December 22, 1989, and April 16, 1990,
20              Defendant executed promissory notes to secure student loans totaling
21              $2400.00 from University of the Pacific, Stockton, California. (Ex. A
22              attached hereto, pp. US1 (Certificate of Indebtedness, stated under
23              penalty of perjury), US 10-21 (notes).)
24           2.   The loan obligations described in paragraph 6 were made under Title
25              IVE of the Higher Education Act of 1965, as amended, 20 U.S.C. §
26              1087aa et seq., and 34 C.F.R. Part 674. (Id.)

3.    Defendant defaulted on these student loans on August 15, 1996. (Ex. A, P. US1.)

4.    As of June 23, 2011, Cogan owed principal on these loans in the amount of $1,531.21, plus accrued interest of $1,058.28, with interest continuing to accrue at the amount of $0.21 per day since that time. (Ex. A, p. US1.) In the 930 days between June 23, 2011, and January 8, 2014, an additional $195.30 in interest has therefore accrued, for a total owed as of January 8, 2014, of $2,784.79.

B.    The Consolidation Loan

1.    On or about August 23, 2001, Defendant executed a promissory note to secure a Direct Consolidation Loan from the Department of Education. This loan was disbursed for $59,569.84 and $44,719.72 on September 14, 2001 at 6.88 percent interest per annum. (Ex. A, pp. US2 ((Certificate of Indebtedness, stated under penalty of perjury), US7 (signature page).)

2.    The loan obligation was made under Title IVD of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a et seq. and 34 C.F.R. Part 685. (Id.)

3.    Defendant defaulted on this student loan on July 18, 2003. Pursuant to 34 CFR § 685.202(b), a total of $6,470.02 in unpaid interest was capitalized and added to the principal balance. (Ex. A, p. US2.)

4.    As of June 23, 2011, Cogan owed principal on this loan in the amount of $110,759.58, plus interest in the amount of $65,631.77, with interest continuing to accrue on the principal balance at the rate of 6.88 percent per annum ($20.86 per day) since that time. (Ex. A, pp. US2, US36-37.) In the 930 days between June 23, 2011, and January 8,

1   2014, an additional $19,399.80 in interest has therefore accrued, for a

2   total owed on this loan as of January 8, 2014, of $195,791.15.

3   Analysis

4       In an action to enforce a student loan promissory note, the plaintiff must present

5   evidence of: 1) the existence of the note; 2) the defendant's default, and 3) the amount

6   due. The burden then shifts to the defendant to prove that the amount due is not

7   owing. United States v. Hill, 2013 WL 1150008 *2 (N.D. Cal. 2013).

8       The plaintiff has met its burden of proof, establishing each of the three elements of a

9   student loan promissory note claim has been established.

10       1.    The Existence of the Notes

11       The two Certificates of Indebtedness (Ex. A, pp. US1-2), which are stated under

12   penalty of perjury pursuant to 28 U.S.C. §1746(2), establish that there were 6 promissory

13   notes supporting Cogan's Perkins Loan (Ex. A, pp. US10-21) and one promissory note

14   supporting Cogan's Consolidation Loan (Ex. A, p. US7).

15       2.    Defendant's Default

16       The Certificates of Indebtedness (Ex. A, pp. US1-2) also establish that Cogan

17   defaulted on the debts created by these notes. Cogan defaulted on the 6 Perkins loans on

18   August 15, 1996, and on the Consolidation Loan on July 18, 2003. (Id.)

19       3.    The Amount Due

20       The Certificates of Indebtedness further establish the amounts due. As of

21   January 8, 2014, they are:

22

23

24

25

26

| Perkins Loans: | Total Debt as of 6/23/11 | $2,589.49 | |
| | Interest ($0.21/day x 930 days) | $195.30 | |
| | Total due | | $2,784.79 |

| Consolidation Loan: | Total Debt as of 6/23/11 | $176,391.35 | |
| | Interest ($20.86/day x 930 days) | $19,399.80 | |
| | Total due | | $195,791.15 |

| | Total Due, Both Loans | | $198,575.94 |

As noted, Cogan has not opposed the motion.  Accordingly, he has not met his burden of showing that he does not owe the amount due of $198,575.94.

Accordingly,

THE COURT **ORDERS** that Plaintiff United States of America's Motion for Summary Judgment (#7) is GRANTED.

DATED this _____ day of September, 2014.

_____
Lloyd D. George
United States District Judge

6